JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Liberty Mutual Insurance Company

**DEFENDANTS**
The Black & Decker Corporation, Black & Decker, Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart, Inc.

**(b)** County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ralph T. Lepore, III
Holland & Knight LLP
10 St. James Avenue, Boston, MA 02116
(617) 523-2700

Attorneys (If Known)
Jack R. Pirozzolo
Willcox, Pirozzolo & McCarthy
50 Federal Street, Boston, MA 02110
(617) 482-5470

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. §2201 and this court has jurisdiction pursuant to 28 U.S.C, §1332.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Woodlock
DOCKET NUMBER 96-10804-DPW

DATE 5-13-04
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Liberty Mutual Insurance Company v. The Black & Decker Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __Liberty Mutual Insurance Company v. The Black & Decker Corporation, et al.   96-10804-DPW__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☒   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do **all** of the non-governmental parties reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Ralph T. Lepore, III__
ADDRESS __Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116__
TELEPHONE NO. __(617) 523-2700__

(Coversheetlocal.wpd - 10/17/02)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION No. |
| THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff, Liberty Mutual Insurance Company, makes the following allegations against defendants, The Black & Decker Corporation, Black & Decker, Inc., Black & Decker (U.S.) Inc., Emhart Corporation, and Emhart Industries, Inc., with respect to the Uniontown Landfill site in Jackson County, Indiana (the "Uniontown Landfill site").

Liberty Mutual Insurance Company makes these allegations pursuant to the March 19, 2004 Order of the Court in the case styled <u>Liberty Mutual Insurance Company v. The Black & Decker Corporation, et al.</u>, C.A. No. 96-10804-DPW, which directed the parties to disaggregate that action and the various sites contained therein into separate complaints, and with respect to additional sites, including the Uniontown Landfill site, to file a new complaint with its allegations, claims and

defenses relating back in their entirety to the original pleadings filed in C.A. No. 96-10804.

Plaintiff, Liberty Mutual Insurance Company, for its Complaint against defendants, The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation, and Emhart Industries, Inc., alleges with respect to the Uniontown Landfill site as follows:

**PARTIES**

1.  Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), is a mutual insurance company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2.  Defendant, The Black & Decker Corporation ("Black & Decker"), is a corporation organized pursuant to the laws of the state of Maryland. Black & Decker is registered to do business in Massachusetts, and maintains a place of business at 12 Market Street, Brighton, Massachusetts. Black & Decker's principal place of business is located at 701 East Joppa Road, Towson, Maryland.

3.  Defendant, Black & Decker, Inc. ("B&DI"), is a corporation organized pursuant to the laws of Delaware. B&DI is a wholly-owned subsidiary of Black & Decker, which maintains a place of business at 12 Market Street, Brighton, Massachusetts, and has its principal place of business in Newark, Delaware.

4.  Defendant, Black & Decker (U.S.) Inc. ("B&DUS"), is a corporation organized pursuant to the laws of Maryland. B&DUS is a wholly-owned subsidiary

of Black & Decker, which maintains a place of business at 12 Market Street, Brighton, Massachusetts, and has its principal place of business in Towson, Maryland.

5. Defendant, Emhart Corporation ("Emhart"), is a corporation organized pursuant to the laws of Virginia. Emhart is a wholly-owned subsidiary of defendant B&DI, which is a wholly-owned subsidiary of defendant Black & Decker, which maintains a place of business at 12 Market Street, Brighton, Massachusetts, and has its principal place of business in Towson, Maryland. Emhart is the parent corporation of defendant Emhart Industries, Inc.

6. Defendant, Emhart Industries, Inc. ("Emhart Industries"), is a corporation organized pursuant to the laws of Connecticut. Emhart Industries is a wholly-owned subsidiary of defendant Emhart, which in turn is a wholly-owned subsidiary of defendant Black & Decker, which maintains a place of business at 12 Market Street, Brighton, Massachusetts, and has its principal place of business in Towson, Maryland.

7. During various time periods relevant to the subject matter of this action, defendants have owned or controlled the following subsidiaries and/or divisions, and/or, on information and belief, have succeeded to their liabilities:

   a. <u>USM Corporation</u>. USM Corporation ("USM"), formerly known as the United Shoe Machinery Corporation, was acquired by an Emhart subsidiary in 1976, and was merged into defendant Emhart Industries in 1987. From the early

1900's until 1976, USM maintained its principal place of business in Boston, Massachusetts.

      b.    <u>Bailey Division of USM Corporation</u>.  USM manufactured automotive products through its Bailey Division in Amesbury, Massachusetts and Seabrook, New Hampshire during the period from at least 1970 to 1982.  The USM Bailey Division also maintained a plant in Hopkinsville, Kentucky, during said period.  Pursuant to a Purchase & Sale Agreement dated September 3, 1982, USM sold the business and assets of the Bailey Division to the Bailey Corporation.  USM retained certain liabilities under the Purchase & Sale Agreement pertaining to its Bailey Division, and Emhart Industries succeeded to those liabilities.

      c.    <u>Bostik Division of USM Corporation</u>.  During the period from at least 1969 to 1989, the Bostik Division of USM engaged (under various names, such as Bostik, Upco, Girder, Crown Metro Inc., and Finch Paint & Chemical) in the manufacture of adhesives, sealants, coatings, and other specialty chemical products.  In October 1989 B&DI sold the assets and business of the Bostik Division, but retained certain liabilities.

      d.    <u>J. C. Rhodes & Co. Division of USM Corporation</u>.  During the period 1917 to May 25, 1956, J. C. Rhodes & Co. was a division of USM, manufacturing metal shoe eyelets in New Bedford, Massachusetts.  USM sold the assets and business of its J. C. Rhodes & Co. Division to Plymouth Cordage Company in 1956.  Plymouth Cordage Company merged with the company now known as Emhart Industries in 1966, and in 1975, the company now known as

Emhart Industries sold the business and assets of the J. C. Rhodes Division of Emhart Industries to PCI Group, Inc., but retained certain liabilities.

   e. <u>Farrel Machinery Group</u>. The Farrel Company, also known as Farrel Corporation, became the Farrel Company Division of USM on December 31, 1968. The Farrel Company Division of USM manufactured machinery at plants located in Connecticut, New York, Georgia, Illinois, Michigan, and Texas. Other divisions in the machinery group included the William DeBrule Division, Red Sherman Division, Lombard Plastics Machinery Division, and Standard Tool Division.

   f. <u>United Machinery Group</u>. USM's Machinery Group included divisions known as the Machinery Division, Cutting Die Division, Medway Division, Turner Tanning Machine Division, Whitman Division, Hoague Sprague Division, and Krippendorf Kalculator Co. On information and belief, Emhart Industries has succeeded to the liabilities of these USM divisions.

   g. <u>USM Special Products Group</u>. USM maintained several sub-groups and divisions engaged in specialty manufacturing, such as Consumer Products, Gear Systems Division, Vibrac Corporation, Icon Corporation, Spiras Systems, Schaeffer Magnetics, Inc., and the Harmonic Drive Division. On information and belief, Emhart Industries succeeded to the liabilities of these USM divisions.

   h. <u>USM Fastener Group</u>. USM maintained a fastener manufacturing group, including the Molly Fastener Division, Nylok Fastener, and

the Shelton, Warren, and Nylok Divisions. On information and belief, Emhart Industries succeeded to the liabilities of these USM divisions.

        i.     <u>PCI Group, Inc</u>. On information and belief, PCI Group, Inc. was purchased by USM on January 29, 1982. USM liquidated PCI Group, Inc. on January 31, 1985, and assumed its assets and liabilities.

        j.     <u>W. W. Cross Division</u>. On information and belief, the W. W. Cross Division of USM owned and operated a facility in Jaffrey, New Hampshire, and was, at various times, a division of Emhart and PCI Group, Inc.

        k.     <u>MITE Corporation</u>. On information and belief, MITE Corporation merged with a wholly-owned subsidiary of Emhart in 1985, and the assets and liabilities of MITE were transferred to USM or its successor after September 1987.

        l.     <u>Various Black & Decker Divisions</u>. Black & Decker has engaged, through various divisions, in the manufacture and sale of electric tools, appliances, and other consumer products.

    8.     On information and belief, each of the defendants is either licensed to do business, transacts business, and/or contracts to supply goods or services in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

    9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the plaintiff and defendants are citizens of different states and the

amount in controversy, exclusive of costs and interest, exceeds the sum or value of $75,000.

10.     Liberty Mutual seeks, <u>inter alia</u>, a declaratory judgment pursuant to 28 U.S.C. §2201 of the respective rights and obligations of the parties under contracts of insurance issued by Liberty Mutual to the defendants and/or their current and/or former subsidiaries and/or divisions, with respect to the Uniontown Landfill site. Actual controversies exist between the parties regarding their respective rights and obligations under the Liberty Mutual policies in connection with claims of environmental pollution allegedly asserted against defendants and/or their current and/or former subsidiaries and/or divisions.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTS

### Policies

12.     At various times relevant hereto, Liberty Mutual issued certain insurance policies to USM (collectively, the "USM Policies").

13.     Any liability coverage provided under the USM Policies is defined in each policy and is subject to the terms, conditions, definitions, exclusions, and limits of liability contained in each such policy.

14.     Defendants have asserted or contended that Liberty Mutual is or may be obligated under the USM Policies to provide defendants with a defense against, and to indemnify defendants with respect to, the claims and/or lawsuits described below.

## Uniontown Landfill Site

15. On or about October, 2002, Black & Decker notified Liberty Mutual that Emhart had been served with a complaint in October 1997 related to the Uniontown Landfill site.

16. Liberty Mutual has agreed to provide a defense to defendants, pursuant to a reservation of rights, with respect to the Uniontown Landfill site and any claims and/or lawsuits arising out of the Uniontown Landfill site (collectively referred to as the "Claims") under the USM Policies. Further, Liberty Mutual has offered to fund the underlying settlement of the Claims arising out of the Uniontown Landfill site.

17. Liberty Mutual understands that there is a dispute as to the existence and/or extent of coverage and/or the existence and/or extent of Liberty Mutual's duties with respect to the Uniontown Landfill site and the Claims under the USM Policies.

18. Liberty Mutual believes that it has no further obligation under the USM Policies with respect to the Uniontown Landfill site and any Claims.

19. Defendants have disputed Liberty Mutual's position with respect to any Claims arising out of the Uniontown Landfill site, and have asserted that defendants are entitled to a defense and indemnification of any such Claims beyond that which Liberty Mutual has provided or agreed to provide. Liberty Mutual reasserts its position with respect to the Claims arising out of the Uniontown Landfill site.

## COUNT I

### (Declaration of No Further Coverage Obligations)

20. Liberty Mutual repeats, realleges and incorporates by reference herein the allegations of paragraphs 1 through 19 of its Complaint, as if fully set forth herein.

21. An actual controversy exists between the parties concerning their respective rights, duties, status and/or obligations under and pursuant to the USM Policies with respect to the Claims arising out of the Uniontown Landfill site.

22. Liberty Mutual is entitled to a declaration that:

   (a) there is no further coverage under any Liberty Mutual policy, including the USM Policies, for the Uniontown Landfill site and any Claims arising out of the Uniontown Landfill site;

   (b) Liberty Mutual owes no further duty to defend defendants with respect to the Uniontown Landfill site and any Claims arising out of the Uniontown Landfill site; and

   (c) Liberty Mutual has no further duty to indemnify defendants for any liabilities defendants may have with respect to the Uniontown Landfill site and any Claims arising out of the Uniontown Landfill site.

## **COUNT II**

### **(Declaration of Set-Off of Defendants' Obligations)**

23.  Liberty Mutual repeats, realleges and incorporates by reference herein the allegations of paragraphs 1 through 22 of its Complaint, as if fully set forth herein.

24.  In the event that defendants obtain a judgment against Liberty Mutual for damages with respect to the Uniontown Landfill site, then Liberty Mutual is entitled to, and should receive, a set-off or judgment reduction for those damages or costs which they have paid, agreed to pay, or which are the responsibility of the defendants or other parties.

25.  An actual controversy exists between defendants and Liberty Mutual concerning any set-off which will be due to Liberty Mutual should Liberty Mutual be found to owe damages to defendants for defense or indemnity with respect to the Uniontown Landfill site.

26.  Liberty Mutual is entitled to a declaration that, in the event that defendants obtain a judgment against Liberty Mutual for damages or declaratory relief relating to the Uniontown Landfill site, then Liberty Mutual is entitled to a set-off or judgment reduction for those damages and costs which they have paid, agreed to pay, or which are the responsibility of defendants or others, including, but not limited to, the damages and costs associated with the following:

   (a)   the policies of other insurers who have settled with defendants;

   (b)   the policies of other insurers who are not parties to this lawsuit;

(c)   the periods in which defendants purchased insurance which contained exclusions for, or otherwise did not cover, the damage at issue at the Uniontown Landfill site;

(d)   the periods in which defendants were self-insured; and

(e)   the amounts which Liberty Mutual has paid, or agreed to pay.

## COUNT III

### (Applicability of Certain Policy Terms)

27.   Liberty Mutual repeats, realleges and incorporates by reference herein the allegations of paragraphs 1 through 26 of its Complaint, as if fully set forth herein.

28.   Certain policies issued by Liberty Mutual to defendants include, without limitation, retrospective premium endorsements, non-cumulation of limits provisions, and/or deemer provisions. Liberty Mutual is entitled to a declaration that to the extent that it is found to have a duty to defend and/or indemnify further the defendants with respect to the Uniontown Landfill site or a Claim, these provisions of the USM Policies, and any others which bear upon the amount of reimbursement owed under a Policy, are to be applied in determining the amount of money to which defendants may be entitled under any such Policy.

## **PRAYERS FOR RELIEF**

WHEREFORE, Liberty Mutual Insurance Company respectfully requests that the Court:

1. Declare that no further coverage exists for any of the Claims or the Uniontown Landfill site described herein under any of the insurance policies issued by Liberty Mutual to defendants;

2. Declare that Liberty Mutual owes no further duty to defend defendants with respect to the Claims or the Uniontown Landfill site;

3. Declare that Liberty Mutual owes no further duty to indemnify defendants for any liabilities related to the Claims or the Uniontown Landfill site;

4. Declare that to the extent that Liberty Mutual is found liable to pay any monies to defendants, then Liberty Mutual is entitled to a set-off or judgment reduction for those amounts of damages and costs that they have paid, agreed to pay, or which are the responsibility of defendants or others;

5. Declare that to the extent that Liberty Mutual is found liable to pay any monies to defendants that any and all policy provisions which bear upon reimbursement, including, but not limited to, retrospective premium endorsements, non-cumulation of limits provisions, and/or deemer provisions contained in certain USM Policies be applied in determining the amount of money to which defendants are entitled

under any such policy with respect to the Claims and the Uniontown Landfill;

6. Award Liberty Mutual its costs and expenses, including attorneys' fees, associated with this action; and

7. Grant Liberty Mutual such other and further relief as the Court deems just and proper.

### JURY DEMAND

Liberty Mutual demands a trial by jury for all claims so triable.

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

*(signature)*

Ralph T. Lepore, III (BBO #294420)
Janice Kelley Rowan (BBO #265520)
Deborah E. Barnard (BBO #550654)
Robin L. Main (BBO #556074)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: May 13, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2004, I caused a copy of the foregoing document to be served by hand upon Jack R. Pirozzolo, Esq., counsel to defendants, at Willcox, Pirozzolo and McCarthy, P.C., 50 Federal Street, Boston, MA  02110 pursuant to the March 19, 2004 order of the Court in Civil Action No. 96-10804-DPW pending in the United States District Court for the District of Massachusetts which expressly states that the defendants shall accept service and that no summons need issue from the Court.

_____
Ralph T. Lepore, III

# 1821247_v1